UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| DYLAN E. JEROME,<br><br>　　　　　　　　　　Plaintiff,<br>　　v.<br>ELKO COUNTY JAIL,<br><br>　　　　　　　　　　Defendant. | Case No. 3:20-cv-00478-MMD-WGC<br><br>ORDER |

Plaintiff Dylan Jerome, an incarcerated individual detained at the Elko County Detention Center, began this action with a *pro se* application to proceed *in forma pauperis* (ECF No. 1). On August 25, 2020, the Court issued an order directing Plaintiff to submit a complaint on or before October 26, 2020. (ECF No. 3 at 1.) That deadline has now passed, and Plaintiff has not submitted a complaint to the Court or otherwise responded to the Court's order.

District courts have the inherent power to control their dockets and "[i]n the exercise of that power[,] they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of L.A.*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (affirming dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (affirming dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (affirming dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. United States Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987) (affirming dismissal for

///

failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (affirming dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to Defendant; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *See Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-61; *Ghazali*, 46 F.3d at 53.

Here, the Court finds the first two factors, the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket, weigh in favor of dismissal. The third factor, risk of prejudice to Defendant, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action or in filing a pleading ordered by the Court. *See Anderson v. Air W.*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor—the public policy favoring disposition of cases on their merits—is greatly outweighed by the factors in favor of dismissal discussed herein.

Finally, a court's warning to a party that his or her failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. *See Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132-33; *Henderson*, 779 F.2d at 1424. The Court's order requiring Plaintiff to submit a complaint to the Court on or before October 26, 2020 stated, "IT IS FURTHER ORDERED that, if Plaintiff does not file a complaint on or before *October 26, 2020*, the Court will dismiss this action *without prejudice* for Plaintiff to refile the case with the Court, under a new case number, when Plaintiff is able to file a complaint." (ECF No. 3 at 2 (emphasis in original).). Thus, Plaintiff had adequate warning that dismissal would result from his noncompliance with the Court's order to submit a complaint on or before October 26, 2020.

///

1       It is therefore ordered that this action is dismissed without prejudice based on Plaintiff's failure to submit a complaint to the Court in compliance with the Court's order (ECF No. 5) dated August 25, 2020.

      The Clerk of Court is directed to close the case and enter judgment accordingly.

      DATED THIS 3rd Day of November 2020.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE